# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

BK TAX SERVICE, INC. d/b/a/ Jackson                              PLAINTIFF
Hewitt Tax Service

v.                                          CAUSE NO. 3:12 -cv-676-CWR-FKB

JACKSON HEWITT, INC., et al.                                    DEFENDANTS

## MEMORANDUM ORDER

This case is before the Court on the plaintiff's motion to remand, Defendant Central Mississippi Tax Consultants, Inc.'s ("CMTC") motion to dismiss, and Defendant Jackson Hewitt, Inc.'s ("Jackson Hewitt") to transfer venue. Docket Nos. 9; 11; 13. Each motion has been fully briefed and is ripe for review.

### I. Factual and Procedural History

The plaintiff, BK Tax Service, Inc. ("BK Tax"), a Mississippi franchisee, alleges that Jackson Hewitt violated the exclusivity provision of the plaintiff's Franchise Agreement when it awarded its competitor, CMTC, another franchise that would operate at a Wal-Mart in the same county. Docket No. 1-1, ¶¶ 9-14. The plaintiff had entered negotiations to sell its franchise to CMTC just a few months earlier, but the talks failed. *Id.*

The Complaint alleges that CMTC "broke off negotiations in bad faith and entered into a clandestine plot with [Jackson Hewitt] to procure a . . . franchise, at the highly lucrative Wal-Mart location, only a few miles from the Plaintiffs [*sic*] franchise. As a result, Plaintiff lost the prospective sale of his Jackson Hewitt Franchise, as well as an opportunity to expand into the highly lucrative Wal-Mart location." *Id.* ¶ 20. It further alleges that, as a result of these actions, the plaintiff "lost the prospective sale of his Jackson Hewitt Franchise, as well as an opportunity to expand into the highly lucrative Wal-Mart location." *Id.*

The plaintiff filed this lawsuit in state court on August 17, 2012. The Complaint alleges a breach of contract claim against Jackson Hewitt, and alleges separate claims of tortious interference with contractual and business relations against CMTC. *Id.* at ¶¶ 16-18, 19-21. The Complaint specifies damages that include, but are not limited to, $148,000.00 in actual damages, exclusive of costs, interests, attorneys' fees, and other kinds of damages. *Id.* at ¶ 23.

Jackson Hewitt removed this action on September 27, 2012, alleging, in part, that this Court had diversity jurisdiction because CMTC was fraudulently joined for the purpose of defeating diversity. Shortly thereafter it filed a motion to transfer venue, seeking to enforce the terms of the Franchise Agreement by transferring this case to the United States District Court for the District of New Jersey, Newark Division. CMTC has filed its own motion to dismiss. The plaintiff denies that CMTC was fraudulently joined and asks that this case be remanded to state court.

## II. Legal Standard

The diversity jurisdiction of federal district courts is limited to civil actions where the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000," exclusive of interests and costs. 28 U.S.C. § 1332(a).

Jackson Hewitt, as the removing party, bears the burden of establishing federal jurisdiction. *Dandridge v. Tyson Foods, Inc.*, 823 F. Supp. 2d 447, 450 (S.D. Miss. 2011) (citation omitted). In order to meet this burden, Jackson Hewitt must show, by clear and convincing evidence, "either: (1) actual fraud in the pleading of jurisdictional facts or the citizenship status of [CMTC], or (2) inability of the plaintiff to establish a cause of action against [CMTC] in state court." *Id.* at 450-51. Doubts about the existence of federal jurisdiction must be resolved against a finding of jurisdiction, and in favor of remand. *Id.* at 450 (citation omitted).

The Court focuses on the second prong of the fraudulent jointer inquiry. *Id.* at 451. In doing so, the Court conducts "a Rule 12(b)(6)-type analysis." *Id.* (citation omitted). In other words, the Court asks whether the plaintiff has "plead[ed] enough facts to state a claim to relief that is plausible on its face," after construing the Complaint and all contested issues of substantive fact in the light most favorable to the plaintiff. *Id.* (citations omitted). "Ambiguities in state law and factual disputes must be resolved in favor of Plaintiffs." *Id.* Using this lens, the Court must determine whether the allegations presented in the Complaint make out a claim against CMTC.

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

### III. Law and Analysis

a. Motions to Remand, and to Dismiss

> For tortious interference with business relations to lie in Mississippi, the plaintiff must prove: 1) the acts were intentional and willful; 2) the acts were calculated to cause damage to the plaintiff in his lawful business; 3) the acts were done with the unlawful purpose of causing damage and loss without justifiable right or justifiable cause on the part of the defendant (which constitutes malice); and 4) actual loss and damage resulted.

*King v. Bd. of Trustees of State Institutions of Higher Learning of Miss.*, No. 3:11-cv-403, 2012 WL 2870789, *4 (S.D. Miss. July 11, 2012) (alterations, citation, and quotation marks omitted). A tortious interference with a contract claim shares these same elements, but the plaintiff must also show "malicious interference with a valid and enforceable contract." *Id.* (citation omitted).

On its face, the Complaint presents the following factual allegations:

9.      Plaintiff entered into a Franchise Agreement with Defendant, Jackson Hewitt, Inc., on or about August 2004, to provide Tax Services in the Warren County, MS area. A true and correct copy of said Franchise Agreement is attached hereto as Exhibit "A", and made a part hereof by reference.

10.     As a part of said Franchise Agreement, Plaintiff was to be the exclusive provider of Jackson Hewitt, Inc. tax services in the Warren County, MS area.

11.     On or about July 26, 2011, Plaintiff entered into negotiations with Defendant, Central Mississippi Tax Consultants, Inc., to sell its franchise.

12.     Sometime shortly thereafter, negotiations between Plaintiff, and Defendant, Central Mississippi Tax Consultants, Inc., ceased.

13.     On or about September 16, 2011, Defendant Jackson Hewitt, Inc., awarded Defendant, Central Mississippi Tax Consultants, Inc., a franchise in the highly popular and profitable Wal-Mart location, in Warren County, MS.

14.     As a result of the Defendants' act(s) and/or omission(s), Plaintiff has sustained economic damages.

* * *

20.     The Defendant, Central Mississippi Tax Consultants, Inc., act(s) and/or omission(s) constitute TORTUOUS [sic] Interference with Contractual and Business Relations. Defendant, Central Mississippi Tax Consultants, Inc., directly interfered with the contractual relationship between Plaintiff and Defendant, Jackson Hewitt, Inc., when it broke off negotiations in bad faith and entered into a clandestine plot with Defendant, Jackson Hewitt, Inc., to procure a Jackson Hewitt franchise, at the highly lucrative Wal-Mart location, only a few miles from the Plaintiffs [sic] franchise. As a result, Plaintiff lost the prospective sale of his Jackson Hewitt Franchise, as well as an opportunity to expand into the highly lucrative Wal-Mart location. This tortuous interference caused Plaintiff to incur financial losses and damages.

21.     The act(s) and/or omission(s) of these Defendants as it relates to their TORTUOUS [sic] Interference caused Plaintiff to incur financial losses, injuries and damages as may be proven at trial.

Docket No. 1-1.

Viewed in the light most favorable to BK Tax, these allegations suggest that CMTC was, at some point, involved in negotiation with the plaintiff to purchase its franchise but that those talks failed, leading CMTC to pursue a contract directly with the franchisor. That sort of behavior, however, does not constitute an actionable tort under Mississippi law. *King's Daughters & Sons Circle No. Two of Greenville v. Delta Reg'l Med. Ctr.,* 856 So. 2d 600, 606 (Miss. Ct. App. 2003) ("Under the law of Mississippi, recovery is only allowed against those who 'intentionally and improperly interfere with the performance of a contract,' while mere negligent interference is no cause of action at all."); *Hightower v. Aramark Corp.*, No. 1:10-cv-166, 2012 WL 827113, *3 (N.D. Miss. Mar. 9, 2012). There is no allegation that CMTC knew of

the nature of plaintiff's agreement with Jackson Hewitt or of the plaintiff's plan to expand to the Wal-Mart, such that this Court might infer the intent needed to satisfy the willfulness and calculation elements of the plaintiff's claims. *Hightower*, 2012 WL 827113, *3. And CMTC, as the prospective purchaser of the plaintiff's franchise, cannot be held liable for tortious interference with a sale that BK Tax hoped to make to CMTC itself. *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 910 So. 2d 1093, 1098 n.3 (Miss. 2005) ("A party to a contract cannot be liable for tortious interference with a contract. Only a party independent of the contract can cause another to breach a contract."); *Fibre Corp. v. GSO Am., Inc.*, No. 5:04-cv-170, 2006 WL 522379, *5 n.5 (S.D. Miss. Mar. 1, 2006). For these reasons, the Complaint fails to provide sufficient factual material that would allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Callins v. Napolitano*, 425 F. App'x 366 (5th Cir. May 13, 2011).[1]

Accordingly, the Court will find that the plaintiff fails to state a cause of action against CMTC, and the plaintiff's claims against CMTC will be dismissed without prejudice. Because the only challenge to this Court's diversity jurisdiction was based on the citizenship of CMTC, who is no longer a party to this lawsuit, the motion for remand will be denied.

b. Motion to Transfer Venue

The Court now takes up Jackson Hewitt's motion to transfer venue pursuant to the Franchise Agreement's forum selection clause. The clause unequivocally provides that the parties intended to litigate cases like this one in the United States District Court in New Jersey. It reads:

---

[1] The plaintiff makes additional factual allegations in its briefs. But those cannot be considered. The Court must normally "limit [its] inquiry to the facts stated in the complaint and documents either attached to or incorporated in the complaint." *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996).

You agree that in all litigation brought against us, our present or former agents and employees, our Affiliates, or our Affiliates' present or former agents and employees, for any reason that arises out of or relates to your franchise relation with us, including, but not limited to, any and every aspect of the process of entering into the franchise relation, this Agreement, any Guaranty or other Collateral Agreements with us or our Affiliates, our performance in connection with the franchise relation, any termination. rescission, cancellation or nonrenewal of the franchise relation, and conduct post-termination or postexpiration of this Agreement, such action shall be brought and venue shall be proper only in the following courts and no others: (a) for cases where federal jurisdiction would not exist if the case were brought in federal court, the state or county court of any city or county where we have our principal place of business (presently, Morris County, New Jersey); and, (b) for all other cases, the United States District Court nearest to our principal place of business (presently the District of New Jersey, Newark Division).

Docket No. 9-2, at 25.

"A forum selection clause is prima facie valid and should be enforced unless the resisting party shows that enforcement would be unreasonable." *Seattle-First Nat. Bank v. Manges*, 900 F.2d 795, 799 (5th Cir. 1990) (citation omitted). The plaintiff does not present any arguments suggesting that it agreed to the forum selection clause because of "fraud or overreaching" on the part of Jackson Hewitt. *Id.* Further, the Court finds that litigating this case in the chosen forum would not be so difficult "that it would effectively deprive [the plaintiff] of its day in court." *Id.*

Accordingly, the forum selection clause is enforceable. The Court will, "in the interest of justice," transfer this action to the U.S. District Court for the District of New Jersey, Newark Division, pursuant to 28 U.S.C. §1406(a).

## IV. Conclusion

IT IS ORDERED that CMTC's motion to dismiss, Docket No. 11, is GRANTED and the plaintiff's motion to remand, Docket No. 13, is DENIED. The defendants' motion for leave to file sur-rebuttal, Docket No. 26, and the plaintiff's motion for hearing, Docket No. 27, will be DENIED as moot.

IT IS FURTHER ORDERED that Jackson Hewitt's motion to transfer venue, Docket No. 9, is GRANTED, to the extent that venue is improper in the Southern District of Mississippi.

6

This action is hereby TRANSFERRED to the United States District Court for the District of New Jersey, Newark Division.

      **SO ORDERED**, this 23rd day of July, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
